UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE REMEDIOS
SILVA CRUZ, *et al.*,

    Plaintiffs,

v.

GENERAL MOTORS LLC,

    Defendant.

Case No. 19-cv-13003
Hon. Matthew F. Leitman

_____/

## **ORDER DENYING DEFENDANT'S MOTION TO STRIKE, OR, IN THE ALTERNATIVE, COMPEL THE PRODUCTION OF RICARDO ZAMORA RINCON'S SPANISH DECLARATION (ECF No. 54)**

In 2018, Jose Remedios Silva Garcia, Clara Guadalupe Beltran Fraire, Desteny Aguilar Beltran, and Susana Frayre Esquivel died in a rollover vehicle accident in the State of Durango, Mexico. In this action, the personal representatives of these decedents' estates bring several claims against Defendant General Motors LLC ("GM") arising out of the accident. Plaintiffs allege, among other things, that the decedents' vehicle – a 1990 GMC Sierra – was unreasonably dangerous because of its increased risk of a rollover and its lack of a crashworthy roof.

On February 10, 2021, GM moved under Federal Rule of Civil Procedure 44.1 for the application of the substantive law of the Mexican state of Durango to Plaintiffs' claims. (*See* Mot., ECF No. 40.) In support of this motion, GM submitted the declaration of its proposed expert on Mexican law, Professor Reynaldo Urtiaga, in

1

which Professor Urtiaga opined on Mexican law's application to this action. (*See* Urtiaga Decl., ECF No. 40-1.)  On March 19, 2021, Plaintiffs filed their response opposing GM's motion. (*See* Resp., ECF No. 47.)  For their part, Plaintiffs submitted the declaration of their own proposed Mexican law expert, Dr. Ricardo Zamora Rincon (the "Zamora Declaration"). (*See* Zamora Decl., ECF No. 47-1.)  Plaintiffs relied on the Zamora Declaration to dispute some of Professor Urtiaga's opinions regarding the operation of Mexican law. (*See, e.g.*, Resp., ECF No. 47, PageID.978-979.)  On April 2, 2021, GM filed its reply, accompanied by a rebuttal report from Professor Urtiaga. (*See* Reply, ECF No. 48.)

On July 6, 2021, this Court heard oral argument on GM's motion.  At this hearing, the Court decided to hold an evidentiary hearing at which the parties would present testimony from their experts on Mexican law. (7/6/2021 Hr'g Tr., ECF No. 52, PageID.1124.)  The Court also ordered the parties to make their respective experts available for deposition in advance of the evidentiary hearing. (*Id.*)

GM thereafter deposed Dr. Zamora.  According to GM, Dr. Zamora admitted during his deposition that he could not verify that his (English-language) Declaration accurately reflects the (Spanish-language) opinions he had provided.  Moreover, GM alleges that Zamora's deposition testimony conflicted with the opinions provided in his Declaration.  GM contends that these conflicts underscore the deficiencies in the translated Declaration.  GM has now moved to strike the Zamora Declaration based upon his admissions. (Mot., ECF No. 54.)  GM argues, among other things, that the

2

Declaration is inadmissible under the Federal Rules of Evidence, and that its translation has not been shown to be sufficiently accurate to be admissible. (*See* id., PageID.1147-1150.)  Plaintiffs oppose GM's motion to strike. (*See* Resp., ECF No. 56.)

The Court declines to strike the Zamora Declaration.  First, even if the Declaration would not be admissible under the Federal Rules of Evidence, that is not a basis for striking the Declaration.  Under Federal Rule of Civil Procedure 44.1, the Court may consider evidence bearing on the determination of foreign law even if the evidence is not admissible under the Federal Rules of Evidence.  This Rule provides that:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not* submitted by a party or *admissible under the Federal Rules of Evidence*. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. Proc. 44.1 (emphasis added); *see also Tschira v. Willingham*, 135 F.3d 1077, 1083, n.4 (6th Cir. 1998) (quoting Fed. R. Civ. Proc. 44.1).  Whether any such source concerning the content of foreign law satisfies the Federal Rules of Evidence is "besides the point since under FRCP 44.1, the Court is free to consider any evidence irrespective of whether it would otherwise be admissible under the Federal Rules of Evidence." *Dejorla v. Maghreb Petroleum Exploration S.A.*, 2014 WL 12815045, at *2 (W.D. Tex. June 11, 2014) (denying motion to strike expert testimony and foreign documents on relevancy and hearsay grounds); *see also HFGL Ltd. v. Alex Lyon & Son*

*Sales Managers & Auctioneers, Inc.*, 264 F.R.D. 146, 149 (D.N.J. 2009) (denying motion to strike affidavit of foreign law expert on the ground that the affidavit's contents did not satisfy FRE 702); *Falk v. Sinclair*, 2009 WL 10739804, at *1 (D. Me., Nov. 25, 2009) (denying motion to strike affidavit of German law expert on ground that it contained inadmissible hearsay). Indeed, "Rule 44.1 gives the Court great latitude in the sources it may consider in determining foreign law." *Dexia Credit Loc. v. Rogan*, 231 F.R.D. 538, 541, n.1 (N.D. Ill. 2004). Rule 44.1 only requires that such sources be "relevant" to the Court's determination of foreign law. *See* Fed. R. Civ. Proc. 44.1. And the Zamora Declaration is certainly relevant to the question of Mexican law before the Court. The Court may thus consider the Declaration under Rule 44.1.

Second, GM's contention that the Zamora Declaration does not contain an accurate translation of Dr. Zamora's opinions is "not a basis to remove the [Declaration] from the Court's consideration." *See HFGL*, 264 F.R.D. at 149. Instead, GM's arguments go to the weight the Court should place on the Zamora Declaration and his testimony when it decides whether Mexican substantive law governs Plaintiffs' claims. "In ruling not to strike the report, this Court 'makes no judgment as to the weight, if any, [it] may give to this report under Rule 44.1.'" *Id.*; *see also Dejorla*, 2014 WL 12815045, at *2 ("To the extent that [movants'] observations relating to [the expert testimony on foreign law] are valid, the Court will take this information into account when determining how much weight to afford the expert testimony."). GM has elicited via deposition what it believes to be inconsistencies in the Zamora Declaration

4

regarding Dr. Zamora's opinions. It will be permitted to highlight further these inconsistencies when Dr. Zamora testifies at the evidentiary hearing before this Court. However, any such inconsistencies do not preclude this Court from considering the Zamora Declaration.

For the foregoing reasons, the Court **DENIES** GM's motion to strike the Zamora Declaration (ECF No. 54). GM also moved, in the alternative, for an order compelling production of Dr. Zamora's Spanish-language draft of his declaration, prepared on or about February 25, 2021. (*See* Mot., ECF No. 54.) Plaintiffs submitted copies of the requested draft in their response to GM's motion to strike. (*See* Resp., ECF Nos. 56-2, 56-6.) Accordingly, the Court **DENIES AS MOOT** GM's motion to compel production (ECF No. 54). Because it is denying GM's motion, the Court also **DENIES** GM's request for costs (ECF No. 54).

The Court will now proceed to re-schedule the evidentiary hearing at which the respective proposed experts on Mexican will testify and be cross-examined.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2021

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2021, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (810) 341-9764